# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 25, 2019

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

159161

*In re*:

HON. JULIE A. McDONALD,       SC: 159161
6TH CIRCUIT COURT       RFI No. 2018-23296

BEFORE THE JUDICIAL TENURE COMMISSION

_____/

The Judicial Tenure Commission has issued a Decision and Recommendation, to which the respondent, Honorable Julie A. McDonald, 6th Circuit Court Judge, consents. It is accompanied by a settlement agreement, in which the respondent waived her rights and consented to a sanction no greater than a 45-day suspension without pay.

In resolving this matter, we are mindful of the standards set forth in *In re Brown*, 461 Mich 1291, 1292-1293 (2000):

> Everything else being equal:
> (1) misconduct that is part of a pattern or practice is more serious than an isolated instance of misconduct;
>
> (2) misconduct on the bench is usually more serious than the same misconduct off the bench;
>
> (3) misconduct that is prejudicial to the actual administration of justice is more serious than misconduct that is prejudicial only to the appearance of propriety;
>
> (4) misconduct that does not implicate the actual administration of justice, or its appearance of impropriety, is less serious than misconduct that does;
>
> (5) misconduct that occurs spontaneously is less serious than misconduct that is premeditated or deliberated;
>
> (6) misconduct that undermines the ability of the justice system to discover the truth of what occurred in a legal controversy, or to reach the most just result in such a case, is more serious than misconduct that merely delays such discovery;
>
> (7) misconduct that involves the unequal application of justice on the basis of such considerations as race, color, ethnic background, gender, or religion are more serious than breaches of justice that do not disparage the integrity of the system on the basis of a class of citizenship.

In the present case, those standards are being applied in the context of the Judicial Tenure Commission's stipulated findings of fact, which, following our de novo review, we adopt as our own:

1.      On September 8, 2018, respondent was a member of the State Bar of Michigan and an unopposed candidate for a seat as a circuit court judge on the Sixth Judicial Circuit in Oakland County.

2.      On September 8, at about 10:45 a.m., respondent was arrested by a Royal Oak, Michigan, police officer on suspicion of driving while intoxicated and littering.

3.      The arresting officer initially stopped respondent because she threw a cigarette butt from her car and was traveling [nine miles per hour] over the speed limit on Woodward Avenue.

4.      When the officer approached respondent's car he detected a moderate odor of alcohol coming from respondent's car and saw that respondent's eyes appeared watery and bloodshot.

5.      Respondent told the officer she had consumed four drinks about 13-18 hours earlier.

6.      The officer had respondent perform field sobriety tests. In the officer's opinion, respondent failed the tests.

7.      Respondent consented to a preliminary breath test, which showed that respondent had a blood alcohol content of .102 percent. After administering the preliminary breath test the officer asked respondent whether she would be driving if she had her children in the car. She replied that she would not.

8.      The results of the preliminary breath test are inadmissible in criminal trials.

9.      An hour later, while in custody, respondent took two "Datamaster" breath tests, both of which showed she had a blood alcohol content of .08 percent. The Datamaster has a margin of error of .004 percent, so a reading of .08 percent means the actual blood alcohol content is between .076 percent and .084 percent. Michigan defines driving while intoxicated as having a blood alcohol level of .08 or greater. A blood alcohol content less than .08 may result in a conviction for the lesser offense of driving while visibly impaired.

10. Respondent was charged with operating while intoxicated, disorderly conduct – littering, and having no proof of insurance.

11. On October 31, 2018, respondent pled guilty before Hon. James Wittenberg, 44th District Court, to disorderly conduct – littering, with a plea agreement for a delayed sentence under MCL 771.1 and dismissal upon successful completion of the terms of probation. Respondent also admitted to careless driving, which is a civil infraction. The charge for operating while intoxicated was dismissed. The charge for no proof of insurance was dismissed because respondent demonstrated that the car was insured on September 8.

12. Following respondent's plea, the prosecutor told the press that the plea was based on the facts of the case and not on "who the defendant is, who her father is, who the defendant works for or where she may work in the future." He denied that respondent asked for, or received, any special treatment.

13. On November 6, 2018, respondent was elected circuit judge of the Sixth Judicial Circuit Court for Oakland County.

14. On December 6, 2018, Judge Wittenberg placed respondent on twelve months' probation, [and imposed] a $500 fine, another $1597 in costs, twice daily testing on the Smart Start Mobile Device until further order, outpatient treatment with a therapist, 40 hours of community service, and random drug and alcohol screens. All of the fines and costs have been paid in full.

15. Respondent was fully cooperative with the Royal Oak Police Department at the time of her arrest.

16. Respondent has no criminal record as an adult and no negative disciplinary history with the Attorney Discipline Board. Prior to this incident respondent had a single entry on her driving record for speeding 5 mph over the limit on the expressway in 2015.

17. Immediately after this incident occurred, respondent commenced taking twice daily blood alcohol breath tests on a Smart Start Unit without being ordered to do so by a court. That has continued to the date of this settlement agreement. Respondent has taken more than 290 breath tests on the Smart Start, all of which were negative for alcohol.

18.     Respondent has voluntarily taken monthly 10-Panel Drug Screens at Recovery Consultants, Inc., all of which have been negative for any controlled substances.

19.     Respondent's tenure as a circuit judge began January 1, 2019.

The standards set forth in *Brown* are also being applied to the Judicial Tenure Commission's legal conclusions to which the respondent stipulated and which we adopt as our own. The Commission concludes, and we agree, that the respondent's conduct constitutes:

A. Misconduct in office as defined by the Michigan Constitution of 1963, as amended, Article VI, §30 and MCR 9.205, as further described below[;]

B. Failure to establish, maintain, enforce and personally observe high standards of conduct so that the integrity and independence of the judiciary may be preserved, contrary to Code of Judicial Conduct Canon 1, made applicable to respondent, as a judicial candidate, by Canon 5;

C. Irresponsible or improper conduct which erodes public confidence in the judiciary, in violation of Code of Judicial Conduct Canon 2(A), made applicable to respondent as a judicial candidate by Canon 5;

D. Conduct involving impropriety and the appearance of impropriety, in violation of Code of Judicial Conduct Canon 2(A), made applicable to respondent as a judicial candidate by Canon 5;

E. Failure to respect and observe the law and to conduct herself at all times in a manner which would enhance the public's confidence in the integrity of the judiciary, contrary to the Code of Judicial Conduct, Canon 2(B), made applicable to respondent as a judicial candidate by Canon 5;

F. Conduct which exposes the legal profession or the courts to obloquy, contempt, censure, or reproach, in violation of MCR 9.104(2);

G. Conduct that violates the standards or rules of professional responsibility adopted by the Supreme Court, contrary to MCR 9.104(4).

After review of the Judicial Tenure Commission's decision and recommendation, the settlement agreement, the standards set forth in *Brown*, and the above findings and conclusions, we ORDER that the Honorable Julie A. McDonald be suspended without pay for 45 days.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 25, 2019



a0418

Clerk